[Cite as *State v. Scott*, 2018-Ohio-1116.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-07-100 |
| | : | O P I N I O N |
| - vs - | | 3/26/2018 |
| | : | |
| BETHANY A. SCOTT, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-02-0263


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P. O. Box 18424, Fairfield, OH 45018-0424, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Bethany A. Scott, appeals from the decision of the Butler County Court of Common Pleas sentencing her to serve six years in prison after she pled guilty to single counts of robbery and aggravated possession of drugs. For the reasons outlined below, we affirm.

{¶ 2} On March 22, 2017, the Butler County Grand Jury returned a four-count indictment charging Scott with, among other offenses, robbery and aggravated possession

of drugs, both second-degree felonies. The charges also included specifications for the forfeiture of an airsoft pistol and several thousand dollars in cash. According to the bill of particulars, the charges arose after Scott robbed a Butler County pharmacy of approximately 2,000 Oxycodone tablets on the evening of January 30, 2017. It was alleged that during the robbery Scott displayed what appeared to be a handgun – a weapon that was in actuality an airsoft pistol – and ordered the store clerk to "[g]ive me all the Percocets and no one will get hurt."[1] The following day, Scott was arrested after she was found in possession of 854 Oxycodone tablets and several thousand dollars in cash. It is undisputed that at the time of her arrest Scott was several months pregnant.[2]

{¶ 3} On May 11, 2017, Scott entered into a plea agreement, wherein she agreed to plead guilty to robbery, a second-degree felony, and aggravated possession of drugs, a third-degree felony, in exchange for dismissal of the remaining charges against her. After conducting the necessary Crim.R. 11 plea colloquy, the trial court accepted Scott's guilty plea and confirmed with Scott that she understood that a prison term was presumed necessary in her case given the nature of the charges against her. After being so notified, Scott's trial counsel acknowledged that Scott understood both charges carried a presumption of prison that "is very difficult to overcome."

{¶ 4} On June 15, 2017, the parties reconvened for purposes of sentencing and Scott's trial counsel notified the trial court in mitigation that representatives from the MonDay Community Correctional Institution ("MonDay program"), one of several community based correctional facilities ("CBCF") presently operating in the state, had spoken with Scott earlier that morning about a potential referral to that facility, but that he was "not sure that any kind

---

1. While often manufactured to closely resemble the appearance of a real firearm, an airsoft pistol is a replica weapon that is more colloquially referred to as a BB gun.

2. The record indicates Scott gave birth to her youngest child while being held in the Butler County jail awaiting trial on the charges subject to this appeal.

of report or recommendation was prepared on that basis." Never moving the trial court for a continuance, Scott's trial counsel then informed the trial court that he believed Scott was "amenable to available community control sanctions," but understood "that there is a presumption of prison time and [Scott] understands that going in."

{¶ 5} Following mitigation, and after Scott herself addressed the trial court and apologized for her actions, the trial court again noted that the charges she pled guilty to carried a presumption of prison. Thereafter, explicitly stating that it had considered the purposes and principles of sentencing as found in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, the trial court found Scott was not amenable to community control sanctions and sentenced her to serve six years in prison. The trial court then ordered Scott to pay $6,400 in restitution, as well as to forfeit the airsoft pistol she used in the robbery and several thousand dollars in cash. The trial court further notified Scott that she would be subject to a mandatory three-year term of postrelease control upon her release from prison.

{¶ 6} Scott now appeals from the trial court's decision sentencing her to serve six years in prison, raising the following single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 8} Scott argues the trial court erred by sentencing her to serve six years in prison rather than merely imposing community control sanctions. In support of this claim, Scott argues she was "denied the opportunity to demonstrate that she was, in fact, amenable to an available community control sanction." Specifically, Scott argues that because her assessment for the MonDay program had not been completed prior to her sentencing hearing, the trial court erred by failing to sua sponte continue the sentencing hearing in order to obtain a "definitive determination" as to whether she had "been accepted or

rejected" into the MonDay program "or to have referred her for an assessment to an alternative CBCF program," such as that offered by the River City Correctional Center ("River City program").[3] We disagree.

{¶ 9} As with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 10} After a thorough review of the record, we find Scott's six-year prison sentence was neither clearly and convincingly contrary to law nor unsupported by the record. The record makes clear the trial court considered the purposes and principles of sentencing as found in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12. The record also makes clear the trial court sentenced Scott within the permissible statutory range for both charges that she pled guilty to, namely, robbery and aggravated

---

3. According to its website, the MonDay program is a CBCF "that provides a secure treatment environment for probationable felony offenders." Similarly, the website for the River City program states that it is a CBCF that serves as "a local alternative to prison with the primary purpose of rehabilitation for non-violent, felony offenders."

possession of drugs, one a second-degree felony and the other a third-degree felony. *See* R.C. 2929.14(A)(2) and (3) (providing that for a second-degree felony the prison term shall be between two and eight years, whereas a prison term for a third-degree felony shall be between nine to thirty-six months). As the record firmly establishes, Scott pled guilty to robbing a Butler County pharmacy of approximately 2,000 Oxycodone tablets while displaying what appeared to be a handgun and ordered the clerk to "[g]ive me all the Percocets and no one will get hurt." The serious nature of these offenses, coupled with the fact that, as the trial court found, the clerk suffered serious psychological harm, supports the trial court's sentencing decision.

{¶ 11} Scott nevertheless argues the trial court erred by not sua sponte continuing her sentencing hearing to obtain a "definitive determination" as to whether she had "been accepted or rejected" into the MonDay program "or to have referred her for an assessment to an alternative CBCF program," such as the River City program. The trial court, however, even without receiving a definitive determination regarding whether Scott would be accepted into any CBCF program, determined that Scott was not amenable to community control sanctions, of which placement in a CBCF program would be a component. *State v. Hall*, 2d Dist. Greene No. 99 CA 94, 2000 Ohio App. LEXIS 328, *4 (Feb. 4, 2000). We find no error in the trial court's decision. Again, as the record firmly establishes, Scott pled guilty to robbing a Butler County pharmacy of approximately 2,000 Oxycodone tablets while displaying what appeared to be a handgun and ordered the clerk to "[g]ive me all the Percocets and no one will get hurt." The serious nature of these offenses, along with the serious psychological harm suffered by the clerk, supports this decision.

{¶ 12} In light of the foregoing, we find the trial court did not err by failing to sua sponte continue Scott's sentencing hearing in order to obtain a "definitive determination" as to whether she had "been accepted or rejected" into the MonDay program (or any other

CBCF program) as Scott now suggests. In further support of this decision, we note that Scott provided neither this court nor the trial court with any evidence indicating she actually was or would have been accepted into any of the various CBCF programs presently operating within the state. Scott, therefore, has demonstrated no resulting prejudice. Accordingly, finding no error in the trial court's decision sentencing Scott to serve six years in prison, nor any resulting prejudice, Scott's single assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.