[Cite as *State v. Rinella*, 2018-Ohio-1922.]

STATE OF OHIO      )               IN THE COURT OF APPEALS
                   )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                   C.A. No.     28460

     Appellee

     v.                            APPEAL FROM JUDGMENT
                                 ENTERED IN THE
LOUIS M. RINELLA            COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
     Appellant              CASE No.     CR-2015-05-1570

DECISION AND JOURNAL ENTRY

Dated: May 16, 2018

CARR, Judge.

{¶1}    Appellant, Louis Rinella, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}    On June 2, 2015, the Summit County Grand Jury indicted Rinella on one count of passing bad checks in violation of R.C. 2913.11. After initially pleading not guilty to the charge at arraignment, Rinella pleaded guilty to the sole count in the indictment. The trial court sentenced Rinella to an 18-month term of community control. In so doing, the trial court set forth the conditions of Rinella's community control sanction, including that he "complete six (6) months of the Oriana House Work Release Program as directed." The trial court further informed Rinella that a violation of those conditions could result in a 12-month term of incarceration.

{¶3}   Less than a year later, Rinella pleaded guilty to violating the terms of his community control. The trial court imposed a 12-month prison term and determined that Rinella was entitled to two days of jail time credit toward his sentence.

{¶4}   Thereafter, on August 31, 2016, Rinella filed a motion for "prison time credit[,]" arguing that he should be credited 164 days for the time he participated in the work release program while he was on community control.  On November 14, 2016, the trial court issued a journal entry denying the motion on the basis that the Oriana House Work Release Program did not constitute a "lockdown" program for the purposes of calculating jail time credit.

{¶5}   Rinella subsequently filed a supplemental motion for prison time credit as well as a motion for reconsideration.  The trial court did not rule on either motion prior to the time that Rinella filed a timely notice of appeal from the November 14, 2016 judgment entry denying his initial motion for prison time credit.  Now before this Court, Rinella raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN REFUSING TO GRANT RINELLA CREDIT
FOR THE 164 DAYS THAT HE SERVED IN THE ORIANA HOUSE WORK
RELEASE PROGRAM.

{¶6}   In his sole assignment of error, Rinella contends that the trial court erred by denying his motion for prison time credit for the time he served in the work release program.

{¶7}   Rinella's foremost argument in support of his assignment of error is that the time he spent in the Oriana House Work Release Program constituted confinement for the purposes of R.C. 2967.191.  Rinella cites to a number of cases in support of his argument that the time he served in Oriana House was sufficiently restrictive to constitute confinement for the purposes of

calculating jail time credit, most notably the Supreme Court's decisions in *State v. Nagle*, 23 Ohio St.3d 185 (1986) and *State v. Napier*, 93 Ohio St.3d 646 (2001). Rinella also attempts to draw a parallel between this case and *State v. Snowder*, 87 Ohio St.3d 335 (1999), where the Supreme Court upheld a defendant's conviction for escape because he was in "detention" while serving time in a community based corrections facility. *Id*. at 337. Rinella posits that if an offender can be convicted of escape for leaving a community based correction facility, then necessarily an offender should receive credit for the time served in that facility.

{¶8} R.C. 2949.08(B) states:

> The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

R.C. 2967.191, in turn, provides as follows:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *.

{¶9} The Supreme Court's decisions in *Nagle* and *Napier* focused on the meaning of "confinement" for the purposes of calculating jail time credit. In *Nagle*, the court examined the time Nagle spent in a rehabilitation facility and determined that his time there was not sufficiently restrictive to constitute confinement in order to justify an award of jail time credit under R.C. 2949.08(C). *Nagle* at 186-187. Largely because Nagle was permitted to leave the facility on his own volition, the high court concluded that he was not confined for the purposes of calculating jail time credit. *Nagle* at 187.

{¶10} In *Napier*, the Supreme Court examined the scope of R.C. 2967.191 as it pertained to time served in a community based corrections facility. Analogizing the facts to its

prior decision in *Snowder*, the court determined that Napier was entitled to credit for time served in the facility due to the restrictive nature of the program. *Napier*, 93 Ohio St.3d at 648. "In *Napier*, the level of the defendant's participation at the [community based corrections facility] was such that he was not permitted to come and go as he pleased [and] '[h]e was subject to the control of the staff regarding personal liberties[.]'" (Internal citation omitted.) *State v. Edwards*, 9th Dist. Summit No. 20840, 2002 Ohio App. LEXIS 1940, *3 (Apr. 24, 2002), quoting *Napier* at 648.

{¶11} As noted above, Rinella challenges the trial court's November 14, 2016 order denying his motion for jail time credit. Though Rinella's motion referenced the "Client Handbook" from Oriana House, the handbook was not attached to the motion. The only exhibit attached to Rinella's motion was the "Release Report Summary" that confirmed he had served 164 days in the work release program and that he was terminated for a violation. After the trial court issued its order denying the motion, Rinella filed a supplemental brief and attached the Client Handbook to provide evidence about the details of the work release program. Rinella also filed a motion for reconsideration and attached an affidavit wherein he described his experience at Oriana House. Significantly, the Client Handbook and the affidavit were not before the trial court prior to the issuance of its November 14, 2016 order, nor are those documents properly before this Court on appeal. *See generally State v. Babb*, 9th Dist. Summit No. 23631, 2007-Ohio-5102, ¶ 5. Given the limited record before the trial court at the time it issued its ruling on the motion, there was not a sufficient evidentiary basis to make a substantive determination regarding whether or not Rinella's participation in the program in question constituted confinement under R.C. 2967.191. Rinella's assignment of error is sustained to the extent that this matter must be remanded for the trial court to consider evidence regarding the nature of the

work release program at Oriana House and then make a determination regarding whether Rinella's participation in that program constituted confinement pursuant to R.C. 2967.191. *See State v. Neff*, 9th Dist. Lorain No. 00CA007578, 2001 Ohio App. LEXIS 406, *3-4 (Feb. 7, 2001). At the proceedings on remand, the defendant will bear the burden of demonstrating whether his participation in the work release program at Oriana House constituted confinement. *Edwards* at *5.

{¶12} The assignment of error is sustained.

### III.

{¶13} Rinella's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remand.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                                _____

DONNA J. CARR
FOR THE COURT

HENSAL, P.J.
SCHAFER, J.
CONCUR

APPEARANCES:

DOMINIC J. VITANTONIO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.