**[Cite as *State v. Stobbs*, 2020-Ohio-92.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29346 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD C. STOBBS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR-2018-10-3522 |

## DECISION AND JOURNAL ENTRY

Dated: January 15, 2020

TEODOSIO, Presiding Judge.

{¶1}   Defendant-Appellant, Ronald Stobbs, appeals from the judgment of the Summit County Court of Common Pleas.  This Court reverses.

### I.

{¶2}   Mr. Stobbs was arrested on two counts of OVI, both of which were later indicted as third-degree felonies due to his previously having been convicted of a felony OVI.  He was taken into custody and held at the jail before being granted supervised release.  As conditions of his supervised release, he was ordered to reside at a restricted halfway house, to wear a Secure Continuous Remote Alcohol Monitor ("SCRAM"), to refrain from driving, to report to the Pretrial Supervision Program Office every other week, and to have phone contact with the office on his non-reporting weeks.

{¶3}   The parties ultimately entered into a plea agreement wherein Mr. Stobbs agreed to plead guilty to one OVI count in exchange for the State dismissing his remaining count and

agreeing to a two-year prison sentence with credit for time served. At his plea hearing, he asked the court to deduct, as part of his jail-time credit, the time he had spent on supervised release. The court indicated that he would not be entitled to credit for that time, but agreed that he could argue the issue at sentencing. Mr. Stobbs did so at his sentencing hearing, but the court once again rejected his argument. The court orally announced that he would receive two years in prison, with credit strictly for the time he spent incarcerated at the jail.

{¶4} Before the court issued its sentencing entry, Mr. Stobbs filed a motion for reconsideration. He asked the court to either grant his motion or hold a hearing to receive evidence on the issue of whether he was entitled to additional jail-time credit. The State did not respond to the motion for reconsideration, and the court denied it without holding a hearing. Consistent with its earlier pronouncement, the court sentenced Mr. Stobbs to two years in prison, with credit for the time he spent incarcerated at the jail.

{¶5} Mr. Stobbs now appeals from the trial court's judgment and raises two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR WHEN IT FAILED TO CREDIT THE DEFENDANT WITH JAIL TIME FOR TIME SERVED IN A RESTRICTIVE RESIDENTIAL PROGRAM WHICH RESTRICTED [HIM FROM] LEAVING AND WHERE HE WOULD RECEIVE AN ESCAPE CHARGE IF HE LEFT.

{¶6} In his first assignment of error, Mr. Stobbs argues that the trial court erred when it failed to award him additional jail-time credit. For the following reasons, we sustain Mr. Stobbs' assignment of error and remand this matter to the trial court for further proceedings.

{¶7}  "The record of [a] person's conviction shall specify the total number of days, if any, that [he] was confined for any reason arising out of the offense for which [he] was convicted and sentenced * * *."  R.C. 2949.08(B).  The department of rehabilitation and correction then must "reduce [the person's] sentence 'by the total number of days that [he] was confined * * *.'" *State v. Keith*, 9th Dist. Lorain No. 08CA009362, 2009-Ohio-76, ¶ 6, quoting R.C. 2967.191(A).  R.C. 2967.191(A) provides, as examples of confinement, "confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve [his] prison term, * * *, and confinement in a juvenile facility."  "The Supreme Court of Ohio has concluded from these examples that 'confinement' requires such a restraint on the offender's freedom of movement that he cannot leave official custody of his own volition." *State v. James*, 106 Ohio App.3d 686, 690 (9th Dist.1995), citing *State v. Nagle*, 23 Ohio St.3d 185, 186-187 (1986).  Thus, when a defendant seeks jail-time credit for time he spent at a facility other than jail, the question is whether his time at that facility was "sufficiently restrictive to constitute confinement * * *." *State v. Rinella*, 9th Dist. Summit No. 28460, 2018-Ohio-1922, ¶ 19.  If sufficiently restrictive, time served in a non-jail facility will be awarded as jail-time credit. *See State v. Napier*, 93 Ohio St.3d 646 (2001), syllabus; *State v. Snowder*, 87 Ohio St.3d 335, 337 (1999).

{¶8}  The record reflects that, following his release from jail, Mr. Stobbs was ordered to reside at a restricted halfway house under the supervision of the Summit County Pretrial Supervision Program.  Both his attorney and the trial court referred to the restricted halfway house as "RIP" or "the RIP program," and his attorney later defined the program name in full as "the Residential Institutional Probation ("RIP") restricted program * * *."  At his plea hearing,

Mr. Stobbs asked the court to credit him with the time he served in the RIP program. He represented to the court that the State had agreed that time was eligible for credit, and the prosecutor did not object to his representation. Even so, the court indicated that Mr. Stobbs would not be entitled to credit for that time because "RIP is not a secured facility." Mr. Stobbs then asked to be able to argue the issue at sentencing, and the court agreed that he could do so.

{¶9} At his sentencing hearing, Mr. Stobbs once again asked the court to credit him with the time he spent in the RIP program. He represented to the court that he spent his time there under restriction and was told that he would incur an escape charge if he attempted to leave. The State did not dispute his representation, object, or otherwise provide an argument to the contrary. Nevertheless, the court rejected his argument and refused to award him additional jail-time credit. In doing so, it merely stated that it would "not credit[] [Mr. Stobbs] time in the RIP program." The court did not offer any rationale in support of its decision not to award credit.

{¶10} After his sentencing hearing but before the court journalized his sentence, Mr. Stobbs filed a motion for reconsideration. In his motion, he asked the court to hold a hearing on the issue of confinement, so that he might present evidence. He represented to the court that, while in the RIP program, he resided in the "Restricted" area, he was subject to the control of the staff "regarding his personal liberties," he was told that he would be charged with escape if he left, he was denied permission to visit his family for either Thanksgiving or Christmas, and he was only permitted to leave the facility for his "required AA meetings occurring across the street and for court appearances of which he had a specific time limit for return." He indicated that he had requested both the record of his time spent at the RIP program and "the Restricted Halfway House Handbook." Mr. Stobbs indicated that he would supplement the record with those

materials upon receipt and asked the court to provide him the opportunity to present his evidence at a hearing. The State did not respond to his motion, but the court denied it. In doing so, the court wrote in its sentencing entry and an accompanying journal entry that the request for additional jail-time credit was denied. Once again, it did not offer any rationale in support of its decision not to award credit.

{¶11} As noted, time served in a non-jail facility, if sufficiently restrictive, will constitute "confinement" for purposes of R.C. 2967.191. *See Napier*, 93 Ohio St.3d at 648. *Accord Snowder*, 87 Ohio St.3d at 337.

> A reviewing court's determination of whether time served in a [non-jail facility] constitutes confinement * * * is [dependent] on a record that evidences the level of restriction placed on the defendant during his participation at the facility. * * * When the trial court fails to provide reasoning for its denial of the motion and the record fails to indicate whether an appellant's participation in a [] program was confinement as defined in *Napier*, the trial court must reconsider the issue of crediting time served in light of the level of defendant's participation at the [facility].

*State v. Edwards*, 9th Dist. Summit No. 20840, 2002 WL 701946, *1-2 (Apr. 24, 2002). On reconsideration, it is the defendant's burden to present evidence "that demonstrates his level of participation at the [facility]." *Id.* at *2.

{¶12} Upon review, this Court cannot determine whether the trial court erred when it refused to award Mr. Stobbs the additional jail-time credit that he requested. That is because the record does not "evidence[] the level of restriction placed on [him] during his participation [in the RIP program]" or the trial court's "reasoning for its denial of [his] motion." *Edwards* at *1-2. The trial court initially rejected Mr. Stobbs' request for credit because "RIP is not a secured facility." Yet, Mr. Stobbs then presented an argument to the contrary. He represented to the court that he had resided in the restricted portion of the facility, he would have been criminally charged if he had left without permission, and he had been subject to the control of the staff

"regarding his personal liberties." *See Napier* at 648. The State never opposed any of his representations, and the trial court, in rejecting his argument, failed to provide any reasoning for its decision. Moreover, the record otherwise contains scant evidence as to the specifics of the facility where Mr. Stobbs resided or his level of participation in the program. Upon review, we cannot determine "whether [his] participation in the [RIP] program[] was 'confinement.'" *State v. Neff*, 9th Dist. Lorain No. 00CA007578, 2001 WL 111529, *2 (Feb. 7, 2001).

{¶13} Because the trial court did not provide reasoning for its denial of Mr. Stobbs' motion and the record does not indicate whether he was confined herein, "the trial court must reconsider the issue of crediting time served in light of the level of [his] participation at the [facility]." *Edwards* at *2. On remand, it will be Mr. Stobbs' burden to present evidence demonstrating his level of participation in the RIP program. *See id.* His first assignment of error is sustained on that basis.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR WHEN IT FAILED TO HOLD A HEARING ON THE DEFENDANT'S REQUEST [TO] RECEIVE CREDIT FOR TIME SERVED IN A RESTRICTIVE RESIDENTIAL PROGRAM WHICH RESTRICTED [HIM FROM] LEAVING AND WHERE HE WOULD RECEIVE AN ESCAPE CHARGE IF HE LEFT.

{¶14} In his second assignment of error, Mr. Stobbs argues that the trial court erred when it failed to hold a hearing on his request for additional jail-time credit. Because this matter must be remanded for further proceedings, Mr. Stobbs' second argument is premature. We, therefore, decline to address it.

III.

{¶15} Mr. Stobbs' first assignment of error is sustained. Because his second assignment of error is premature, this Court declines to address it. The judgment of the Summit County

Court of Common Pleas is reversed, and the cause is remanded for further proceedings in accordance with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KANI HARVEY HIGHTOWER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.