[Cite as *State v. Ladow*, 2020-Ohio-3954.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.     29646 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL T. LADOW | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 14 12 3742 |

DECISION AND JOURNAL ENTRY

Dated: August 5, 2020

SCHAFER, Judge.

{¶1} Daniel Ladow appeals a journal entry of the Summit County Court of Common Pleas that denied his motion for jail-time credit. For the following reasons, this Court affirms.

I.

{¶2} In 2015, Mr. Ladow pleaded guilty to robbery and criminal damaging, and the trial court sentence him to four years imprisonment. The court eventually granted him judicial release and ordered him to participate in a reentry program monitored by Oriana House, Inc. After Mr. Ladow violated the terms of the reentry program multiple times, the trial court terminated him from the program and re-imposed his sentence. The court awarded him a total of 1,043 days of jail-time credit, which did not include 179 days Mr. Ladow alleges he spent in confinement at Oriana House. Mr. Ladow filed a motion for jail-time credit, asking to be credited for his time at Oriana House, but the trial court denied his motion, explaining that it had correctly calculated his jail-time credit. Mr. Ladow did not appeal the trial court's decision. Instead, he filed another

motion for jail-time credit, asking again for credit for his time at Oriana House. The trial court denied Mr. Ladow's motion, noting that it had already denied a similar motion concerning the same dates. Mr. Ladow has appealed, assigning as error that the trial court incorrectly denied his motion for jail-time credit.

II.

**Assignment of Error**

**The trial court abused its discretion by denying [Mr. Ladow's] motion to correct jail time credit.**

{¶3} Mr. Ladow argues that he is entitled to jail-time credit for all the days he has been incarcerated for any reason arising out of his offenses. He argues this includes any time that he spent at a community based correctional facility ("CBCF") or halfway house facility that was sanctioned by the court.

{¶4} Under R.C. 2929.19(B)(2)(g)(iii), a sentencing court retains jurisdiction "to correct any error [in a jail-time credit calculation] not previously raised at sentencing[.]" "[An] offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion." *Id.* This Court reviews the denial of a motion to correct jail-time credit for an abuse of discretion. *State v. George*, 9th Dist. Medina No. 19CA0037-M, 2019-Ohio-3823, ¶ 8. An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶5} The State argues that Mr. Ladow's motion was barred under the doctrine of res judicata because he did not appeal the denial of his first motion for jail-time credit. The doctrine of res judicata, in part, bars a party from raising arguments that could have been raised in a prior appeal. *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995).

{¶6} This Court has not yet addressed whether the doctrine of res judicata applies to successive motions for jail-time credit. Other districts, however, have held that the res judicata applies to successive motions that raise the same errors. *State v. Bryant*, 10th Dist. Franklin No. 19AP-241, 2020-Ohio-363, ¶ 22 (collecting cases from the Eighth and Eleventh Districts).

{¶7} Even if this Court reached the merits of Mr. Ladow's argument, we would conclude that he has failed to establish that the trial court exercised improper discretion when it denied his motion for jail-time credit. The Ohio Supreme Court has recognized that entry into a CBCF constitutes confinement that should be credited towards a defendant's sentence. *State v. Napier*, 93 Ohio St.3d 646, 647 (2001). This Court has clarified, however, that whether time at a CBCF constitutes confinement depends on the level of restriction placed on a defendant during his participation. *State v. Edwards*, 9th Dist. Summit No. 20840, 2002 WL 701946, *1 (Apr. 24, 2002); *State v. Smith*, 9th Dist. Summit No. 20726, 2002 WL 533400, *1 (Apr. 10, 2002); *see State v. Nagle*, 23 Ohio St.3d 185, 186-187 (1986) (explaining that defendant's stay at rehabilitation center was not confinement). "[W]hen a defendant seeks jail-time credit for time he spent at a facility other than jail, the question is whether his time at that facility was 'sufficiently restrictive to constitute confinement * * *.'" *State v. Stobbs*, 9th Dist. Summit No. 29346, 2020-Ohio-92, ¶ 7, quoting *State v. Rinella*, 9th Dist. Summit No. 28460, 2018-Ohio-1922, ¶ 19. "If sufficiently restrictive, time served in a non-jail facility will be awarded as jail-time credit." *Id*.

{¶8} It is a defendant's burden to present evidence that demonstrates his level of participation at a facility. *Id*. at ¶ 11, citing *Edwards* at *2. Mr. Ladow attached three Oriana House release report summaries to his motion for jail-time credit. The first indicates that he participated in a halfway house program and served 119 days in the program. The second indicates that he participated in a work release program and served 24 days in that program. The third also

indicates that he participated in a work release program and served 36 days in that program. There are no additional details about any of the programs, such as the amount of restrictions that were placed on Mr. Ladow while he was engaged in the programs. Accordingly, upon review of the record, we conclude that Mr. Ladow has failed to establish that the trial court abused its discretion when it denied his motion for jail-time credit. Mr. Ladow's assignment of error is overruled.

III.

**{¶9}** Mr. Ladow's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

DANIEL T. LADOW, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant
Prosecuting Attorney, for Appellee.