[Cite as *State v. Brannon*, 2024-Ohio-510.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-06-042 |
| | : | O P I N I O N |
| - vs - | | 2/12/2024 |
| | : | |
| JONATHAN E. BRANNON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018 CR 00164

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Jonathan E. Brannon, appeals the decision of the Clermont County Court of Common Pleas denying his request for an additional 118 days of jail-time credit. For the reasons outlined below, we affirm the trial court's decision.

**{¶ 2}** On June 19, 2018, Brannon entered a guilty plea to one count of third-degree felony burglary in violation of R.C. 2911.12(A)(3) and was sentenced to 30 months in prison. Brannon later moved the trial court for judicial release, which the trial court granted on March 18, 2020, staying Brannon's 30-month prison sentence and placing Brannon on community control for a period of five years. As part of his community control, the trial court ordered Brannon be placed in a "lockdown residential facility," the MonDay Program, for a period of up to six months.[1] On May 21, 2021, Brannon was found to have violated the conditions of his community control, for which the trial court continued Brannon's community control, and ordered Brannon be placed in a community-based correctional facility ("CBCF") for a period of 60 to 90 days.

**{¶ 3}** On August 24, 2021, Brannon was found to have again violated the conditions of his community control. This time, however, rather than continuing Brannon's community control and ordering Brannon be placed in a "lockdown residential facility" like the MonDay Program or a CBCF, the trial court instead ordered Brannon be placed in a "non-lockdown residential facility," the Phoenix Center.[2] There is no dispute that Brannon remained at the Phoenix Center for a period of 118 days between August 11 and December 5, 2021. There is also no dispute that, on August 4, 2022, Brannon was found to have once again violated the conditions of his community control, for which the trial court this time revoked Brannon's community control and reimposed Brannon's previously stayed 30-month prison sentence, less 502 days of jail-time credit.

---

1. The MonDay program is a community-based correctional facility that provides a secure treatment environment for certain probation eligible felony offenders. *State v. Scott*, 12th Dist. Butler No. CA2017-07-100, 2018-Ohio-1116, ¶ 8, fn. 3.

2. The Phoenix Center is a mental health and substance abuse recovery facility located primarily in and around the Cincinnati, Ohio area. This court referred to the Phoenix Center and its treatment offerings for individuals suffering from opioid addiction in *State v. Miller*, 12th Dist. Brown No. CA2021-10-014, 2022-Ohio-1798, ¶ 2.

{¶ 4} On May 26, 2023, Brannon filed a pro se motion to correct jail-time credit, requesting the trial court award him with an additional 118 days of jail-time credit for the time he spent in the Phoenix Center. The trial court issued a decision on May 31, 2023, denying Brannon's request for any additional days of jail-time credit. In so doing, the trial court determined that it had already awarded Brannon "all earned jail time credit for each qualified lockdown institution" in which he had been confined pursuant to R.C. 2967.191(A). Brannon filed a timely notice of appeal from the trial court's decision on June 30, 2023. Brannon's appeal now properly before this court for decision, Brannon raises the following single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED IN SUMMARILY DENYING APPELLANT'S MOTION FOR ADDITIONAL JAIL-TIME CREDIT.

{¶ 6} In his single assignment of error, Brannon argues the trial court erred by denying him an additional 118 days of jail-time credit for the time he spent in the Phoenix Center between August 11 and December 5, 2021. To support this claim, Brannon argues the trial court "failed to review the nature of the Phoenix Center program to determine whether the restrictions on the participants were so stringent as to constitute conferment." Therefore, according to Brannon, this matter must be reversed and remanded to the trial court for the trial court to conduct an evidentiary hearing and "determine if the restrictions on the participants of the Phoenix Center are so stringent as to constitute confinement" under R.C. 2967.191(A) entitling Brannon to an additional 118 days of jail-time credit. We disagree.

{¶ 7} Pursuant to R.C. 2967.191(A), a defendant is entitled to jail-time credit for the total number of days that the defendant was "confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." The Ohio Revised Code does not define the term "confined" as used in R.C. 2967.191(A). "Thus, the

- 3 -

calculation of jail-time credit has been subject to much interpretation." *State v. Bowling*, 12th Dist. Warren Nos. CA2017-02-020, CA2017-02-021, and CA2017-03-032, 2017-Ohio-8539, ¶ 14. However, although subject to interpretation, it is now generally understood that "confinement" for purposes of R.C. 2967.191(A) "'requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition." *Id.*, quoting *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, ¶ 14 (10th Dist.). To that end, the Ohio Supreme Court has determined that "[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." *State v. Napier*, 93 Ohio St.3d 646, 648 (2001), syllabus. On the other hand, "time spent in a rehabilitation facility where the defendant's 'freedom of movement was not so severely restrained' does not constitute confinement entitling the defendant to jail-time credit." *State v. Whited*, 12th Dist. Butler No. CA2018-04-079, 2019-Ohio-18, ¶ 28, quoting *State v. Nagle*, 23 Ohio St.3d 185, 187 (1986).

{¶ 8} The record in this case plainly establishes that, unlike the MonDay Program or a CBCF, the Phoenix Center is a non-lockdown facility that did not prevent Brannon from exiting the facility of his own volition. A defendant is not "confined" within a facility for purposes of R.C. 2967.191(A) where the defendant can exercise his freedom of movement by exiting the facility of his own accord. Therefore, because the record in this case clearly indicates that Brannon could have left the facility at any time, and for any reason, the Phoenix Center is not the type of facility where Brannon's freedom of movement was so severely restrained as to constitute confinement under R.C. 2967.191(A) entitling him to an additional 118 days of jail-time credit. This is because, contrary to Brannon's claim, it is only those facilities that are "sufficiently restrictive to constitute confinement" that a defendant is entitled to jail-time credit. *State v. Rinella*, 9th Dist. Summit No. 28460, 2018-Ohio-1922, ¶ 19. Accordingly, finding no error with the

- 4 -

trial court's decision denying Brannon's pro se motion to correct jail-time credit, Brannon's single assignment of error lacks merit and is overruled.

**{¶ 9}** Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.